19-1554-cr
*United States v. Herrera-Cleto*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty.

PRESENT: ROBERT D. SACK,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
    *Appellee,*

    -v-                        19-1554-cr

YORDANIA HERRERA-CLETO,
    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                  RAJIT S. DOSANJH, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, New York.

FOR DEFENDANT-APPELLANT:     ELIZABETH M. JOHNSON, Law Office of
                             Elizabeth M. Johnson, New York, New York.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Yordania Herrera-Cleto appeals the district court's decision and order, entered April 9, 2019, denying her petition for a writ of error *coram nobis*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In April 2014, Herrera-Cleto was charged with the offense of bringing an alien into the country in violation of 8 U.S.C. § 1324(a)(2)(A). On August 5, 2014, Herrera-Cleto appeared before a magistrate judge to plead guilty to the charged offense. At the hearing, the magistrate judge called for a break to allow Herrera-Cleto to speak with her attorney regarding her plea. Following the break, her attorney stated for the record that the deportation consequence of Herrera-Cleto's sentence "was not a concern of hers [that day]," that they had "been working with an immigration attorney," and that "a plea of guilty to this particular charge would make her deportable, although it doesn't necessarily mean she would be deported." App'x at 46. The record contains a letter from an immigration attorney informing Herrera-Cleto's criminal defense

attorney that if Herrera-Cleto chose to plead guilty, she would be subject to mandatory deportation under the Immigration and Nationality Act.

Herrera-Cleto pleaded guilty to the charged offense. She later received notice, dated January 7, 2015, that the government had instituted deportation proceedings against her. On September 13, 2016, Herrera-Cleto filed for a writ of error *coram nobis* alleging that her conviction was invalid due to ineffective assistance of counsel.

We review *de novo* whether the district court applied the proper legal standard, but review the district court's "ultimate decision to deny the writ for abuse of discretion." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). "To receive *coram nobis* relief, a petitioner must show that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from [her] conviction that may be remedied by granting of the writ." *Doe v. United States*, 915 F.3d 905, 910 (2d Cir. 2019) (internal quotation marks omitted).

"Ineffective assistance of counsel, including during the plea-bargaining process, is a circumstance compelling the grant of a timely application for *coram nobis* relief." *Id*. Assistance is ineffective where 1) the defense counsel's performance was deficient, and 2) that deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's failure to inform his client that a plea

3

will result in mandatory deportation constitutes deficient performance. *Padilla v. Kentucky*, 559 U.S. 356, 368-69, 374 (2010). The district court below found that defense counsel's performance was deficient because he failed to inform Herrera-Cleto that a guilty plea would make her subject to mandatory deportation. For purposes of this appeal, we assume Herrera-Cleto has shown deficient performance on the part of her attorney. The question is therefore whether she was prejudiced by this deficient advice.

In her affidavit dated August 31, 2016, Herrera-Cleto states that had she known of the deportation consequences of her guilty plea, she would have chosen instead to go to trial. This Court requires that a showing of prejudice be supported by "contemporaneous evidence," and "*post hoc* assertions from a defendant about how [s]he would have pleaded but for h[er] attorney's deficiencies" do not suffice. *Doe*, 915 F.3d at 912 (internal quotation marks omitted). On this record, Herrera-Cleto has failed to demonstrate that ineffective assistance of counsel prejudiced her defense. Indeed, Herrera-Cleto's counsel advised the district court that the immigration consequences were "not a concern of hers [that day]." App'x at 46. Rather, Herrera-Cleto's expectation was that she would be able to avoid a custodial sentence by pleading guilty, and she was in fact sentenced to probation.

Because we hold that Herrera-Cleto has failed to demonstrate prejudice, we need not reach the issue of whether she had sound reasons for her delay in seeking relief. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk